## DAVIS et v U. S. FIDELITY & GUARANTY CO

Ohio Appeals, 2nd Dist, Darke Co
No. 387.   Decided May 19, 1931

Alvin North and J. W. Sharts, Dayton, for Davis et.

Mannix & Billingsley, Greenville, for U. S. Fidelity & Guaranty Company.

**KUNKLE, J.**

The bond of the surety company as above stated among other things provided that the Railway Company should **prosecute its appeal without unnecessary delay.**

Under these circumstances the lower court held that the surety company was not liable for the bond. The liability of the surety company must be determined from the statutes governing proceedings of this nature.

**Sec 10393 GC** provides that:

"Within ten days from the time a justice renders a judgment, the party appealing therefrom must give a bond to the adverse party with at least one sufficient surety to be approved by the justice, conditioned that the appellant will prosecute his appeal to effect without unnecessary delay and that if on the appeal judgment be rendered against him he will satisfy it and the costs."

**Sec 10384** in brief provides that:

"Upon giving of such appeal bond the justice shall make a certified transcript of his proceedings the bond included, which, on the appellant's demand and the payment of the legal fee, shall be delivered to him or his agent who on or before the thirtieth day from the rendition of the judgment appealed from shall deliver it to the court to which the appeal was taken."

**Sec 10385 GC** provides that papers shall be transmitted. **§10386** and **§10387 GC** provide for the docketing of the case and the style thereof in the court to which such appeal is taken.

**Sec 10388 GC** provides that:

"If the appellant fails to deliver the transcript and other papers, if any, to the clerk and have his appeal docketed on or before the thirtieth day from the rendition of the judgment appealed from, the appellee at the term of the court next after the expiration of such thirty days may file a transcript of the proceedings and judgment and on his motion the cause shall be docketed. On his application also the court is required either to enter judgment in his favor similar to that entered by the justice and for all costs accrued in such court and award execution thereon, or, with the consent of the appellee it may dismiss the appeal at the cost of the appellant and remand the cause to the justice to be proceeded in as if no appeal had been taken."

**Secs 10389-10390-10391-10392 GC** also contain provisions in reference to such proceeding.

**Sec 10393** provides that:

"When an appeal is dismissed or judgment is entered in the Court of Common Pleas against the appellant the surety on the bond shall be liable to the appellee for the whole amount of the debt, costs, and damages recovered against the appellant."

It is by virtue of this section that plaintiffs in error seek to recover upon the bond in question. We think a fair construction of the statutes creates a liability against the surety company under the circumstances disclosed by the record. One of the conditions of the surety bond was that the appellant should prosecute his appeal to a final determination without unnecessary delay. This was not done and by reason thereof the court dismissed the appeal and remanded it to the justice. We think a holding which in effect would give the appellant thirty days in which to ward off an execution and during this period probably dispose of all its available assets, being able to accomplish this by virtue of giving a bond, and then to permit the bondsmen to escape liability upon such bond by reason of the failure of the appellant to further prosecute its appeal would be an unwarranted construction of the statutes in question. When the appeal was dismissed we think a liability upon the bond existed by reason of the provisions of §10393 GC.

We are of opinion that the judgment of

572

the lower court should be and is hereby reversed and cause remanded.

Our attention has been called to the case of Borntrager v Richards decided by the Court of Appeals of the First Appellate District and reported in the Ohio Law Bulletin and Reporter of date, November 24, 1930 in which a different construction seems to be given to the sections of the statute in question. The attention of that court apparently was not called to the provisions of §10393 GC as we find no reference thereto in the decision. We will, however, if counsel for defendant in error desire, give a certificate of conflict between our decision and the decision above referred to.

Judgment reversed.

ALLREAD, PJ and HORNBECK, J, concur.